UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DUANE MATTHEW GUESS, ) | CASE NO.: 5:95 cr 148 -1 |
| ) | |
| Defendant- Petitioner, ) | |
| ) | JUDGE DONALD C. NUGENT |
| v. ) | |
| ) | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, ) | AND ORDER |
| ) | |
| Plaintiff-Respondent. ) | |

This matter comes before the Court upon a Motion for Relief from Judgment or Order pursuant to Federal Rule of Civil Procedure ("Rule") 60(b) filed by Defendant-Petitioner Duane Guess. (ECF #226). For the reasons set forth below, Petitioner's Motion is DENIED.

In March 1995, Petitioner was indicted by a grand jury for conspiracy to distribute and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). (ECF #7). In May, 1995, Petitioner filed a Motion to Suppress Evidence. (ECF #30). In June 1995, Respondent filed a Superseding Indictment against Petitioner. (ECF #34.) In September 1995, Respondent filed an Opposition to Petitioner's Motion to Suppress. (ECF # 59). In November 1995, the Honorable Paul R. Matia, the Judge presiding over the matter, issued a Marginal Entry denying the Motion to Suppress.

Petitioner proceeded to trial and, on November 22, 1995, a jury found him guilty as charged in Count I of the Superceding Indictment. (ECF #97). On February, 7, 1996, Judge Matia sentenced Petitioner to 240 months of incarceration, followed by ten years of supervised release, and ordered Petitioner to pay a $50 special assessment. (ECF #106, 107). Thereafter, Petitioner filed a timely Notice of Appeal, arguing that the evidence was insufficient to support his conviction. (ECF #109). In September 1997, the Court of Appeals affirmed the judgment of this Court. (ECF #157).

On February 20, 1998, while the direct appeal was pending before the Sixth Circuit, Petitioner filed a Motion to Vacate sentence pursuant to 28 U.S.C. §2255, claiming ineffective assistance of counsel. (ECF #169). In particular, Petitioner alleged that his counsel was ineffective based upon an alleged failure to object to the Court's failure to conduct an evidentiary hearing on the Motion to Suppress. On April 17, 1998, the Court denied the §2255 Motion and dismissed the case. (ECF # 179, 180). In doing so, the Court held:

> The motion to suppress was based upon the adequacy of the affidavit presented to the issuing magistrate in support of the search warrant. There was no allegation of any misstatement of fact in the affidavit which would have given cause for an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), nor was there any challenge to the reliability of the confidential informants. Petitioner's motion to suppress was clearly a facial attack only. As such, it was entirely possible for the trial court to ascertain the validity of the search warrant without the necessity of an evidentiary hearing.
> Since the trial court did not error in its consideration of the motion to suppress, petitioner's counsel was not ineffective for failing to object.

(ECF # 179). On May 5, 1998, Petitioner filed a Notice of Appeal, seeking review of the order of dismissal. (ECF #181). On September 24, 1998, the Sixth Circuit issued an order denying Petitioner's application for certificate of appealability. (ECF #185).

On June 22, 2009, more than ten years later, Petitioner filed the instant Motion in this Court, seeking again to litigate the issue of the denial of the Motion to Suppress. (ECF #226). In the instant case, Petitioner seeks relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. To provide such relief from a judgment in a criminal case, the Rule 60(b) motion must be filed "within reasonable time." *See Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). In this case, the Motion was filed more than ten years after the denial of Petitioner's §2255 motion, and Petitioner offers no justification for the delay. This Court has thoroughly considered the entire record in this case as it applies to the instant Motion and finds that the Motion was not filed "within a reasonable time." Based on the foregoing, Defendant's Motion for Relief from Judgment or Order is DENIED. (ECF #226).

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: March 1, 2011